**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 15-4413**

———————

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

JEREMY LYNN SAUNDERS,

              Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Raymond A. Jackson, District Judge. (2:15-cr-00002-RAJ-DEM-2)

———————

Submitted: December 22, 2015      Decided: January 6, 2016

———————

Before NIEMEYER, KING, and GREGORY, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

James R. Theuer, JAMES R. THEUER, PLLC, Norfolk, Virginia, for Appellant. Andrew Curtis Bosse, Assistant United States Attorney, Norfolk, Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jeremy Lynn Saunders pled guilty to conspiracy to distribute narcotics, in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A) (2012), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (2012). The district court sentenced him to a term of 300 months in prison. In accordance with Anders v. California, 386 U.S. 738 (1967), Saunders' attorney has filed a brief certifying that there are no meritorious grounds for appeal but questioning whether the district court erred in denying Saunders' motion to withdraw his guilty plea. Saunders filed a pro se supplemental brief, asserting that his guilty plea was neither knowing nor voluntary. The Government has filed a motion to dismiss the appeal based on Saunders' waiver of appellate rights. We deny the motion and affirm.

We review de novo a defendant's waiver of appellate rights. United States v. Copeland, 707 F.3d 522, 528 (4th Cir. 2013). A defendant may waive his right to appeal as part of a valid plea agreement. United States v. Manigan, 592 F.3d 621, 627 (4th Cir. 2010). In assessing whether an appellate waiver bars a defendant's appeal, we analyze both the validity and the scope of the waiver. United States v. Blick, 408 F.3d 162, 168, 171 n.10 (4th Cir. 2010). "The validity of an appeal waiver depends

on whether the defendant knowingly and intelligently agreed to waive the right to appeal." Id. at 169.

Saunders does not challenge the validity of the waiver. Moreover, a review of the record indicates that the district court specifically reviewed the terms of the appellate waiver with Saunders during the plea colloquy. Given no indication in the record to the contrary, we conclude that Saunders' waiver of appellate rights is valid and enforceable.

Saunders' appellate waiver does not, however, preclude our review of the voluntariness of the plea or the district court's denial of Saunders' motion to withdraw his guilty plea based on ineffective assistance of counsel. See United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005). Thus, we deny the Government's motion to dismiss Saunders' appeal. Our review of the plea colloquy leaves us with no doubt that Saunders knowingly and voluntarily entered his plea and that the plea was supported by an independent basis in fact. With regard to the denial of Saunders' motion to withdraw his guilty plea, we have reviewed the record and, after carefully considering the factors set forth in United States v. Nicholson, 676 F.3d 376, 384 (4th Cir. 2012), conclude that the district court did not abuse its discretion in denying Saunders' motion, see id. at 383 (stating standard of review).

In accordance with <u>Anders</u>, we have reviewed the record in this case, mindful of the scope of the appellate waiver, and have found no meritorious grounds for appeal. We therefore affirm the district court's order denying Saunders' motion to withdraw his guilty plea. This court requires that counsel inform Saunders, in writing, of his right to petition the Supreme Court of the United States for further review. If Saunders requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Saunders.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>